# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 27, 2002 Session

## ROY JONES v. PERRY SPURLING, ET AL.

### Appeal from the Chancery Court for Morgan County
### No. 98-145     Frank V. Williams, III, Chancellor

### FILED JULY 22, 2002

### No. E2001-02875-COA-R3-CV

This is a suit by Roy Jones, a tenured teacher in the Morgan County School System, against Perry Spurling, Keith Adcock, Cassandra Duncan, Debbie Lively, and Conrad Strand, Members of the Morgan County Board of Education, Paul Scarbrough, Superintendent of the Morgan County Schools, and the Morgan County Board of Education. The suit seeks, by means of a writ of certiorari, to overturn a determination of the Board that Mr. Jones' employment should be terminated because of an altercation between him and a student. We vacate and remand.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

David H. Dunaway, LaFollette, Tennessee, for the Appellant, Roy Jones

Robert S. Olive, Knoxville, Tennessee, for the Appellees, Perry Spurling, Keith Adcock, Cassandra Duncan, Debbie Lively, and Conrad Strand, Members of the Morgan County Board of Education, Paul Scarbrough, Superintendent of the Morgan County Schools, and the Morgan County Board of Education.

### OPINION

The Chancellor upheld Mr. Jones' dismissal, resulting in this appeal where the determinative issue is whether the Chancellor should have reduced his findings of fact and conclusions of law to writing and made them a part of the record, as mandated by T.C.A. 49-5-513(h).[1]

---

[1]     (h) The Chancellor shall reduce the Chancellor's findings of fact and conclusions of law to writing and make them parts of the record.

The Defendants in their brief, and their counsel in oral argument, concede that there is merit in Mr. Jones' position and agree that the case must be remanded to give the Chancellor an opportunity to correct his oversight.

Mr. Jones raises a second issue, complaining that the Chancellor failed to act upon his motion to amend his complaint. Upon remand Mr. Jones' counsel will have an opportunity to call this point to the Chancellor's attention and obtain a ruling on the motion to amend.

For the foregoing reasons the judgment below is vacated and the case remanded to enable the Chancellor to supplement the judgment entered in accordance with the requirements of T.C.A. 49-5-513(h). Exercising our discretion, we do not adjudge costs of appeal.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE